IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MISSOURI PROTECTION & ADVOCACY SERVICES, </br></br>    Complainant, </br></br> vs. </br></br> MISSOURI DEPT. OF MENTAL HEALTH, and DORN SCHUFFMAN, in his official capacity as DIRECTOR of the DEPT. OF MENTAL HEALTH, </br></br>    Defendants. | Case No.: 04-4064-CV-C-NKL |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Missouri Protection & Advocacy Services (hereinafter "MOPAS") brings this action to challenge the refusal of Defendants to provide documents relating to the death of James Riley, who at the time of his death was a resident of Fulton State Hospital (hereinafter "FSH") a hospital for persons with mental illness operated by the State of Missouri.

2. Pursuant to the Protection and Advocacy for Individuals with Mental Illness Act (hereinafter PAIMI), 42 U.S.C. § § 10805 and 10806, MOPAS is entitled to review and obtain copies of records of persons with mental illness to whom it provides services.

3. MOPAS, through its employees and its counsel, have made repeated requests to Defendant for the records of the Defendant's investigation of Mr. Riley's death, but Defendant has refused to provide them.

4. Defendant's refusal to provide the requested records to MOPAS violates the PAIMI

1

Act.

5. Defendant's refusal to provide the requested records has frustrated MOPAS attempts to discharge its statutory duty to complete an investigation of the circumstances surrounding Mr. Riley's death while in FSH custody.

**JURISDICTION AND VENUE**

6. This action is authorized by 42 U.S.C. § 1983, 28 U.S.C. § § 2201-02, and 42 U.S.C. § 10807. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

8. MOPAS is a non-profit public interest law center designated by the Governor of the State of Missouri and authorized to pursue legal, administrative, and other appropriate remedies on behalf of individuals with mental illness pursuant to 42 U.S.C. § 10801 et seq. MOPAS spends considerable time and resources monitoring conditions at state institutions, including FSH, and in advocating for the rights of people residing in those institutions.

9. Defendant Dorn Schuffman is the Director of the Department of Mental Health (hereinafter "DMH") of the State of Missouri. DMH has the responsibility of administering Missouri state institutions for persons with mental illness, including FSH.

**FACTS**

11. Because the State of Missouri receives federal funds under the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § § 6021-30, it is required to "have in effect a system to protect and advocate the rights of individuals with developmental disabilities[.]" 42 U.S.C. § 6042(a). MOPAS has been designated by state officials to be that system. MOPAS

is the "eligible system" under the PAIMI Act, see 42 U.S.C. § 10802(2), which is designated to "(A) protect and advocate the rights of individuals with mental illness; and (B) investigate incidents of abuse and neglect of individuals with mental illness of the incidents are reported to the system ..." 42 U.S.C. 10803(2).

12. MOPAS, as the "eligible system" in Missouri, "shall have access" to "records," see 42 U.S.C. § 10806(b)(3)(B), as defined under the PAIMI Act:

> (3)(A) as used in this section, the term "records" includes reports prepared by any staff of a facility rendering care and treatment or reports prepared by an agency charged with investigating reports of incidents of abuse, neglect, and injury occurring at such facility that describe incidents of abuse, neglect, and injury occurring at such facility and the steps taken to investigate such incidents, and discharge planning records.

13. According to the Death Summary produced by University of Missouri Hospital and Clinics, Mr. Riley was found pulseless and asyostolic at Fulton State Hospital on June 20, 2001. Mr. Riley was taken to Callaway Community Hospital where he was stabilized before being transferred to the University of Missouri Hospitals and Clinics.

14. On June 21, 2001, James Riley died at the University of Missouri Hospital and Clinics.

15. MOPAS received an anonymous call on June 21, 2001 reporting that Mr. Riley had died. A case was opened and assigned to an advocate on June 28, 2001.

16. MOPAS has a signed release for the Riley records it seeks, provided by Mr. Riley's mother, the next of kin. MOPAS provided this release to FSH at the time of the initial request for records being sought.

17. On or about April 12, 2002, MOPAS requested a copy of a Mortality and Morbidity

Report generated as a result of Mr. Riley's death from Dr. Felix Vincinz (Vincinz). Vincinz was Superintendent of FSH at that time. Vincinz denied this request alleging that the Mortality and Morbidity Report was not available for the public.

18. In a letter sent on or about May 15, 2002, MOPAS requested the Mortality and Morbidity Report from James Impey, General Counsel of DMH (hereinafter "Counsel").

19. On May 29, 2002, a second letter was sent to Counsel requesting the Mortality and Morbidity Report pertaining to Mr. Riley.

20. Counsel denied MOPAS' request on June 4, 2002, stating that the Mortality and Morbidity Report "is a confidential, internal peer review document that is not available for distribution outside of the department."

21. Despite numerous written and verbal requests from MOPAS and its counsel to Defendants for the Mortality and Morbidity Report pertaining to Mr. Riley, Defendants refused to provide this document to which MOPAS has statutorily authorized access.

22. Defendant's refusal to provide MOPAS with all the requested documents in this matter prevents MOPAS from fully performing its statutory duty to investigate incidents of suspected abuse, neglect and injury.

23. Plaintiff has no adequate remedy at law.

## CLAIM

24. Defendant's actions and inactions in refusing to provide MOPAS with all the records it has requested relating to the death of James Riley violates MOPAS statutory rights under the PAIMI Act, 42 U.S.C. § 10801 et seq. and 42 U.S.C. § 1983.

**REMEDY**

WHEREFORE, Plaintiff requests that the court exercise jurisdiction over this action; that the court declares that Defendants' actions and inactions violate the PAIMI Act and 42 U.S.C. § 1983; that the court order Defendants to provide MOPAS the Mortality and Morbidity Report relating to the death of James Riley; and, that the court issue such other relief as may be just, equitable and appropriate, including an award of client's reasonable attorney's fees and expenses under 42 U.S.C. § 1988.

Respectfully Submitted,


**/S/ MICHAEL H. FINKELSTEIN # 25468**
Managing Attorney


**/S/ ERICA L. STEPHENS #51201**
Staff Attorney
Missouri Protection and Advocacy Services
925 South Country Club Drive
Jefferson City, MO 65109
573-893-3333
573-893-4231 - Facsimile

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing Complaint was mailed, postage prepaid, by first class United States mail, to the attorney of the party of record at the address set out below, on this 5th day of March, 2004:

Jim Impey
General Counsel
Department of Mental Health
P.O. Box 687
Jefferson City, MO 65102

                                                          **/S/ MICHAEL H. FINKELSTEIN**