IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MISSOURI PROTECTION & ADVOCACY SERVICES, | ) ) ) | |
| Complainant, | ) ) | |
| v. | ) ) | Case No.: 04-4064-CV-C-NKL |
| MISSOURI DEPT. OF MENTAL HEALTH, and DORN SCHUFFMAN, in his official capacity as DIRECTOR of the DEPT. OF MENTAL HEALTH, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINANT'S MOTION FOR SUMMARY JUDGMENT

Submitted by:

Erica L. Stephens, #51201
Staff Attorney

Missouri Protection and Advocacy Services
925 South Country Club Drive
Jefferson City, MO 65109
573-893-3333
573-893-4231 – Facsimile

Attorney for Complainant

# TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of Uncontroverted Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Relevant Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        Section 1983 Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            MOPAS May Bring Section 1983 Action . . . . . . . . . . . . . . . . . . . 11
            Defendant Schuffman Is A Person Under
            Section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
            Defendants Schuffman Violated the Rights Of MOPAS
            Under Color of State Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        Qualified Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

Cases:

*Board of Education v. Picoh,* 457 U.S. 853, 863 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Connecticut Office of Protection and Advocacy for Persons with
Disabilities v. Kirk,* 354 F.Supp.2d 196 (D.Conn 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Disability Rights Center, Inc. v. Commissioner, New Hampshire
Department of Corrections,* 143 N.H. 674 (N.H. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Dossett v. First National Bank,* 399 F.3d 940 (8th Cir 2005) . . . . . . . . . . . . . . . . . . . . . . 6, 16

*Ex parte Young,* 209 U.S. 123, 28 S. Ct. 441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15

*Gomez v. Toledo,* 446 U.S. 635 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Gonzaga University v. Doe,* 536 U.S. 273, 283 and 287 (2002) . . . . . . . . . . . . . . . . . . . . . . 11

*Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Maine v. Thiboutot,* 448 U.S. 1 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Missouri Child Care Association v. Cross* 294 F.3d 1034,
1037 (8th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15

*Office of Protection and Advocacy for Persons with Disabilities v.
Armstrong,* 266 F.Supp.2d 303 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Pennsylvania Protection & Advocacy v. Houstoun,* 228 F.3d 423 (3rd Cir. 2000) . . . . . 5, 6, 17

*Rice v. Barnes* 966 F.Supp 877, 883 (8th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11, 16

*The Advocacy Center v. Stalder,* 128 F. Supp.2d 358 (M.D. La 1999) . . . . . . . . . 5, 11, 12, 13

*Virginia Office for Protection and Advocacy v. Reinhard,*
2005 WL 767436 (4th Cir. (Va.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*West v. Atkins* 487 U.S. 42, 49 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 16

*Wright v. City of Roanoke Redev & Hous. Auth.,* 479 U.S. 418 . . . . . . . . . . . . . . . . . . . . . . . . 11

Statutes and Regulations:

42 USC § 1983 . . . . . . . . . . . . . . . . . . . . . . . . .  4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18

42 USC § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13, 18

42 USC § 10801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

42 USC § 10802(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 USC § 10803(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 USC § 10805 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9, 12, 15

42 USC § 10806 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 USC § 10807 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

§ 537.035.4, RSMo. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 16

Protection and Advocacy for Individuals
with Mental Illness Act . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6,8, 9, 11, 12, 13, 14, 15, 17, 18

Federal Rules of Civil Procedure 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Federal Rule 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Local Rule 56.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

COMES NOW Plaintiff Missouri Protection & Advocacy Services (MOPAS), by and through the undersigned counsel, and hereby files its Motion for Summary Judgment pursuant to Federal Rule 56 and Local Rule 56.1.

## INTRODUCTION

MOPAS brought this action in order to compel Defendants to provide a Report (Report) regarding the death of James Riley (Mr. Riley). MOPAS brought this action under two counts. The first count claims that the Defendants violated the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act. In its Order of February 1, 2005, this court found that Defendants did violate the PAIMI Act. *Exhibit A*. The second count claims that Defendants violated 42 U.S.C. §1983. This is the claim addressed in this motion. MOPAS is entitled to receive the Report pursuant to the PAIMI Act. *42 U.S.C. § 10801, et seq.* as decided by this court on February 1, 2005. The actions by Defendant Schuffman further violate 42 U.S.C. §1983.

MOPAS, as the eligible system in Missouri, investigated the death of Mr. Riley. Mr. Riley died on June 21, 2001. Mr. Riley was a resident of Fulton State Hospital(FSH). FSH is a hospital for individuals with mental illness. FSH is operated by the Missouri Department of Mental Health. During the investigation, MOPAS requested records from Defendants, including the Report. The Report was generated as a result of the death of Mr. Riley. The Report is in the possession of the Defendants. Defendants refused to provide MOPAS with the Report stating it was a "confidential internal peer review document that is not available for distribution outside of the department." *Exhibit B*. MOPAS, through counsel, provided Defendants with information regarding the decision of the Third Circuit in *Pennsylvania Protection and Advocacy v.*

*Houstoun*, 228 F.3d 423 (3rd Cir. 2000), which stated that eligible systems, like MOPAS, have access to peer review documents regardless of state law to the contrary. *Exhibit C and D*. After the letter was written, the Tenth Circuit agreed with the Third Circuit that peer review documents could be accessed by Protection and Advocacy Systems. *Center for Legal Advocacy v. Hammons,* 323 F.3d 1262 (10th Cir. 2003).

This court agreed with the Third and Tenth Circuits. In an Order issued on February 1, 2005, this court stated that MOPAS had the right to access the Report. *Exhibit A*. By refusing to provide MOPAS with the Report, Defendants violated the PAIMI Act.

When Defendants refused to provide MOPAS with the Report, they also violated 42 U.S.C. §1983. A section 1983 claim can be brought when a defendant, acting under the color of state law, violates a right of the plaintiff established under the Constitution or federal law. *Id.*

In order for a right to be enforceable under § 1983 it must be unambiguous and the law granting such right must be written in "rights-creating" language. The PAIMI Act is written in "rights-creating" language. It provides that eligible systems shall have the authority to investigate incidents of abuse and neglect concerning individuals with mental illness. 42 U.S.C. § 10805. The PAIMI Act further states that eligible systems shall have access to the records of individuals with mental illness. *Id.*

Congress also cannot have foreclosed an action under § 1983. This may be done through express language or the establishment of a comprehensive remedial scheme. *The Advocacy Center v. Stalder,* 128 F. Supp.2d 358 (M.D. La 1999). The court in *Stalder* found that the PAIMI Act contains neither express language nor establishes a comprehensive remedial scheme. *Id.* Thus, the PAIMI Act does not foreclose an action under § 1983.

Defendant Schuffman is a person under §1983. The United States Supreme Court stated that a court can direct the affirmative action of a state official regarding his duty to perform. *Ex parte Young,* 209 U.S. 123, 28 S. Ct. 441. "State officials may be sued in their official capacities for prospective injunctive relief when the plaintiff alleges that the officials are acting in violation of the Constitution or federal law." *Missouri Child Care Association v. Cross* 294 F.3d 1034, 1037 (8th Cir. 2002) citing *Ex parte Young* 209 U.S. 123, 159-160. MOPAS is requesting injunctive relief regarding disclosure of the Report. Further, Defendant Schuffman acted under the color of state law when he, through general counsel, denied MOPAS access to the Report. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Dossett v. First National Bank*, 399 F.3d 940 (8th Cir 2005) citing *West v. Atkins* 487 U.S. 42, 49 (1988). Defendant Schuffman, through general counsel, refused to provide MOPAS with the Report citing § 537.035.4 RSMo.

Finally, Defendant Schuffman cannot be protected under the doctrine of qualified immunity. In order for an official to invoke qualified immunity under § 1983, the right violated must not be clearly established and the action of the official must be objectively reasonable. *Rice v. Barnes* 966 F.Supp 877, 883 (8th Cir. 1997). The right of MOPAS to access peer review documents is clearly established. This is evidenced by the decisions in *Pennsylvania Protection & Advocacy v. Houstoun,* 228 F.3d 423 (3rd Cir. 2000) and *Center for Legal Advocacy v. Hammons,* 323 F.3d 1262 (10th Cir. 2003). A reasonable official under the circumstances of this case would understand that MOPAS has the right to access peer review documents.

MOPAS respectfully requests this court to find Defendant Schuffman in violation of §

1983 and grant this Motion for Summary Judgment, an injunction and attorneys' fees as provided under § 1988.

## STATEMENT OF UNCONTROVERTED FACTS

1. Mr. Riley was a resident of Fulton State Hospital (FSH). FSH is a hospital for individuals with mental illness. FSH is operated by the state of Missouri, specifically by the Missouri Department of Mental Health. *Complaint/Defendants' Answer ¶ 1.*

2. Mr. Riley was transported from FSH to University of Missouri Hospital and Clinics (Hospital), where he died on June 21, 2001. *Complaint/Defendants' Answer ¶ 14.*

3. MOPAS investigated the death of Mr. Riley. During the investigation, MOPAS requested records pertaining to Mr. Riley, including the Report (the Report). *Complaint/Defendants' Answer ¶¶ 17, 18.*

4. Defendants have not provided MOPAS with the Report regarding the death of Mr. Riley after being requested to do so. *Complaint/Defendants' Answer ¶ 3.*

5. MOPAS is a non-profit public interest law center designated by the Governor of the State of Missouri and authorized to pursue legal, administrative, and other appropriate remedies on behalf of individuals with mental illness pursuant to *42 U.S.C. § 10801, et seq. Complaint/Answer ¶ 8.*

6. Defendant Dorn Schuffman is the Director of the Department of Mental Health of the State of Missouri. DMH has the responsibility of administering Missouri state institutions for individuals with mental illness, including FSH. *Complaint/Answer ¶ 9.*

7. MOPAS requested the Report from James Impey, General Counsel for the Department of Mental Health, on or around May 15, 2002, via an undated letter. The request was made to

DMH because Mr. Riley resided at FSH before transfer to the Hospital, where he died. *Complaint/ Answer ¶ 18. Exhibit E.*

8. On May 29, 2002, a second letter was sent to Mr. Impey requesting the Report pertaining to Mr. Riley. *Compaint/Answer ¶ 19, Exhibit F.*

9. Mr. Impey denied the request of MOPAS on June 4, 2002, stating that the Report "is a confidential, internal peer review document that is not available for distribution outside of the department." *Complaint/Answer ¶ 20. Exhibit B.*

10. MOPAS requested the Report on the basis that Mr. Riley was an individual with mental illness who resided at FSH before transfer to the Hospital where he died.

11. MOPAS also requested the Report on the basis that the Third Circuit had found that peer review records fall within the definition of records under the PAIMI Act. *Complaint/Answer ¶ 21, Exhibit C and D .*

12. This court found that MOPAS is entitled to the Report in its Order dated February 1, 2005. *Exhibit A.*

## RELEVANT LAW

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..." *42 U.S.C. § 1983.*

In order to implement its purpose, the PAIMI Act provides for a protection and advocacy

system to be established in every state. The protection and advocacy system is authorized under the PAIMI Act to investigate incidents of abuse and neglect of individuals with mental illness and to pursue administrative and other remedies to ensure protection from abuse and neglect of individuals with mental illness who receive care and treatment from the State. *42 U.S.C. § 10805(a)(1)(A) and (B).*

As an "eligible system" under the PAIMI Act [see 42 U.S.C. 10802(2)] a protection and advocacy system protects and advocates for the rights of individuals with mental illness and investigates incidents of abuse and neglect reported to the system. *42 U.S.C. § 10803(2).*

The PAIMI Act provides that protection and advocacy systems have access to all records of individuals with mental illness who are clients of the system. Further, the Act provides that P&A systems have authorized access to records of any individual with mental illness including an individual who has died and is unable to authorize the system to have such access. *42 U.S.C. §10805(4)(A) and (B).* The records to which the eligible system has access are defined to include "reports prepared by any staff of a facility rendering care and treatment or reports prepared by an agency charged with investigating reports of incidents of abuse, neglect, and injury occurring at such facility that described incidents of abuse, neglect, and injury occurring at such facility and the steps taken to investigate such incidents, and discharge planning records." *42 U.S.C. § 10806(b)(3)(A).*

## **ARGUMENT**

### **Standard of Review**

A Motion for Summary Judgment can only be granted if, based upon the pleadings, admissions, depositions, and affidavits there exists no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Board of Education v. Picoh*, 457 U.S. 853, 863 (1982). The moving party must demonstrate the absence of an issue for trial. *Celotex Corp. 477 U.S. at 323.* Further, judgment can be granted to the movant only if, after adequate time for discovery, the non-moving party fails to produce any proof to establish an element essential to the party's case and upon which a party will bear the burden of proof at trial. *Id. at 322-24.* Missouri Protection and Advocacy Services is entitled to summary judgment because there are no disputed facts regarding the request for the Report from the Department of Mental Health and as a matter of law Missouri Protection and Advocacy Services is entitled to access such report. Further, Defendants violated the right of Missouri Protection and Advocacy Services to access the Report by refusing such access.

### Section 1983 Claim

Defendant Schuffman violated 42 U.S.C. § 1983 when he failed to provide MOPAS with a copy of the Report regarding the death of James Riley.

Section 1983 provides, in pertinent part,

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."

*42 U.S.C. § 1983.*

Plaintiff must establish that the defendant deprived him or her of a right secured by the Constitution or laws of the United States, and that said deprivation was committed by the defendant acting under color of state law in order to state a claim under § 1983. *Rice v. Barnes,* 966 F. Supp. 877, 882 (Mo. W.D. 1997) citing *Gomez v. Toledo,* 446 U.S. 635 (1980).

*MOPAS May Bring Section 1983 Action*

The PAIMI Act and the implementing regulations confer enforceable, private rights on protection and advocacy systems. Further, Congress did not foreclose § 1983 actions under the PAIMI Act. Therefore, protection and advocacy systems, like MOPAS, may enforce those rights through § 1983 actions.

It is well established that claims under § 1983 can be brought regarding violations of rights in the Constitution and in federal law. *Maine v. Thiboutot,* 448 U.S. 1 (1980). However, courts have also established when a federal law is not enforceable under § 1983. First, the federal law must create enforceable rights within the meaning of § 1983. *Wright v. City of Roanoke Redev & Hous. Auth.,* 479 U.S. 418, 423 (1987). A right is enforceable if it is "unambiguously conferred" and drafted in "rights-creating" language. *Gonzaga University v. Doe* 536 U.S. 273, 283 and 287 (2002). In order to confer rights, the text of the law must be phrased in terms of the persons to be benefitted. *Id.* at 284. Once it is determined that a statute creates rights for a particular class of people, the right is presumptively enforceable under § 1983. *Id.* at 287. A § 1983 action is not available when Congress has foreclosed the action in the statute. *The Advocacy Center v. Stalder,* 128 F. Supp.2d 358, 365 (M.D. La. 1999) citing *Wright v. City of Roanoke Redev. & Housing Authority* 479 U.S. 418. The foreclosure can occur through express language or if the statute contains a comprehensive remedial scheme. *Id.*

11

The language of the PAIMI Act is "rights-granting" language enforceable by § 1983 claims. For example, the PAIMI Act provides that protection and advocacy systems shall

(1) have the authority to

> (A) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred;
>
> (B) pursue administrative, legal and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care and treatment in the state. *42 U.S.C. § 10805(1)(A)-(B)*

Further, the PAIMI Act provides that protection and advocacy systems shall have the authority to access the records of individuals with mental illness. *42 U.S.C. § 10805(3)*.

The PAIMI Act is drafted in terms of who is to benefit from the provisions of the Act. Protection and advocacy systems are to benefit from the provisions of the PAIMI Act. MOPAS is the protection and advocacy system for the state of Missouri. Thus, MOPAS is a beneficiary of the provisions of the PAIMI Act. The rights granted to protection and advocacy systems under the PAIMI Act are enforceable under § 1983.

Congress did not expressly foreclose § 1983 actions under the PAIMI Act. "The PAIMI Act is in itself void of any express statement by Congress which forecloses § 1983 action." *The Advocacy Center v. Stalder* at 365. Further, the PAIMI Act also does not include a "comprehensive remedial scheme" from which foreclosure could be contrived. *Id.* In fact, as the court in *Stalder* points out, "the PAMII (PAIMI) Act gives to an 'eligible system' the right to pursue a legal remedy after the exhaustion of all available administrative remedies." 42 U.S.C. §

10807.

Courts have addressed issues regarding enforceable rights under PAIMI. *See Office of Protection and Advocacy for Persons with Disabilities v. Armstrong,* 266 F.Supp.2d 303 (D.Conn 2003)*; The Advocacy Center v. Stalder,* 128 F. Supp.2d 358 (M.D.La 1999).

The Advocacy Center, the eligible system for the state of Louisiana, had requested copies of records of inmates with mental illness from the Louisiana Department of Public Safety and Correction. *Id at 363.* The Department refused to release the records. *Id at 363.* The Advocacy Center, after numerous attempts to secure the records, filed a complaint under the PAIMI Act and § 1983. *See generally, The Advocacy Center v. Stalder.* The court in *Stalder* concluded that "the Advocacy Center may, in its own right, sue when an agency fails to comply with a request." *Id.* at 365-66. The court found that the Advocacy Center had the right to access the records and declared that the Department's failure to provide the records was a violation of The Advocacy Center's rights under the PAIMI Act and § 1983. *Id at 368.* The court issued an injunction requiring the department to provide the records requested and any other records to be requested in the future. *Id.* Further, the court stated that The Advocacy Center was entitled to attorneys' fees, costs, and expenses for the action under 42 U.S.C. § 1988. *Id.*

The district court of Connecticut agreed with the court in *Stalder. Office of Protection and Advocacy for Persons with Disabilities v. Armstrong,* 266 F.Supp.2d 303, 312. The Office of Protection and Advocacy for Persons with Disabilities (Office) requested records regarding five inmates who committed suicide and one inmate who died in transit to the inpatient ward of a mental health unit of the Connecticut Department of Correction. *Id.* at 307-308. In response to the records request of the Office, the Department stated the Office would be contacted once the

Department investigations were complete. *Id. at 308.* The Department further requested that the Office substantiate their probable cause to request the records. *Id.* It is unclear if any records were sent to the Office. *Id.* The court found that the Department had violated the Office's rights under the PAIMI Act and § 1983. *Id.* at 322.

These two cases are similar to this case. MOPAS requested records from the Department, through General Counsel. MOPAS received some records, but not the Report regarding the death of Mr. Riley. The Report was refused because it was a "confidential internal peer review document." This court found that peer review documents fall within the definition of records under the PAIMI Act. *Order, February 1, 2005, Exhibit A.* Like the Departments in the other cases, Defendant Schuffman has violated the rights of MOPAS under the PAIMI Act and § 1983. Thus, this court has granted an injunction requiring Defendant to provide MOPAS with the Report and peer review documents in this situation.

Defendant may argue that MOPAS is not able to bring an action under § 1983 because of the Fourth Circuit decision in *Virginia Office for Protection and Advocacy v. Reinhard*, 405 F.3d 185 C.A. 4 (Va. 2005). The court determined that the Virginia Office for Protection and Advocacy (VOPA) was not entitled to bring an action under § 1983 because it is not a "person" under § 1983. *Id at 189.* VOPA is a state agency. *Id at 187.* The court found that because VOPA is a "sovereign" it cannot bring a claim under § 1983. *Id at 190.* The *Reinhard* decision does not apply in this case because MOPAS is not a state agency. MOPAS is a private non-profit public interest law center. MOPAS is not a state agency.

*Defendant Schuffman is a Person Under Section 1983*

14

Defendant Schuffman is a person within § 1983. The United States Supreme Court stated that a court can direct the affirmative action of a state official regarding his duty to perform. *Ex parte Young,* 209 U.S. 123, 28 S. Ct. 441. "State officials may be sued in their official capacities for prospective injunctive relief when the plaintiff alleges that the officials are acting in violation of the Constitution or federal law." *Missouri Child Care Association v. Cross* 294 F.3d 1034, 1037 (8th Cir. 2002) citing *Ex parte Young* 209 U.S. 123, 159-160. MOPAS is asking this court to direct an action of the Director of the Department of Mental Health in providing MOPAS with the Report it has requested. The PAIMI Act requires that MOPAS be given access to the requested Report. The Director need only to act in accordance with that federal law.

*Defendant Schuffman violated the rights of MOPAS under color of state law*

Defendant Schuffman violated the rights of MOPAS under the PAIMI Act and Section § 1983. This court has already decided that Defendant acted in violation of the PAIMI Act when MOPAS was refused access to the Report. *Order, February 1, 2005. Exhibit A.* As discussed above, MOPAS has been granted rights enforceable under § 1983 by Congress under the PAIMI Act. By refusing to provide MOPAS with the Report, Defendant has violated the rights of MOPAS. The PAIMI Act provides that "eligible systems" shall have the authority to investigate incidents of abuse and neglect of individuals with mental illness. 42 U.S.C. § 10805. The PAIMI Act further provides that "eligible systems" have the authority to access records of individuals with mental illness. These rights meet the criteria to be enforceable rights of MOPAS, as discussed above.

Defendant Schuffman acted under color of state law when he, through general counsel, denied MOPAS access to the Report. "The traditional definition of acting under color of state

law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Dossett v. First National Bank*, 399 F.3d 940 (8th Cir 2005) citing *West v. Atkins* 487 U.S. 42, 49 (1988).

Defendant Schuffman, through general counsel, refused to provide MOPAS with the Report, stating that § 537.035.4 barred MOPAS from accessing the Report relating to the death of James Riley. The Missouri Statute provides that peer review documents are not "subject to discovery, subpoena, or other means of legal compulsion for their release to any person or entity..." § 537.035.4 RSMo.

Defendant Schuffman used this state law to violate the right of MOPAS to access the Report. MOPAS should be granted an injunction requiring Defendant to provide it with the Report.

## Qualified Immunity

Defendant Schuffman will likely argue that he is protected by qualified immunity. MOPAS disagrees.

Government officials are protected from suit by qualified immunity when their actions do not violate a clearly established statutory right of which a reasonable person would have known. *Rice v. Barnes* 966 F.Supp 877, 883 (8th Cir. 1997) *quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

MOPAS has a "clearly established right" to access records, including peer review documents such as the Report. At the time of the original request to the Department, two courts had addressed the issue of access to peer review documents under the PAIMI Act. The supreme

16

court of New Hampshire stated that peer review documents were not accessible under the PAIMI Act. *Disability Rights Center, Inc. v. Commissioner, New Hampshire Department of Corrections* 143 N.H. 674, 679 (N.H. 1999). However, the Third Circuit had also issued its decision stating that "eligible systems" under the PAIMI Act have access to peer review documents. *Pennsylvania Protection & Advocacy v. Houstoun,* 228 F.3d 423, 428 (3rd Cir. 2000). Prior to the filing of the complaint in this case, the Tenth Circuit agreed with the Third Circuit in that "eligible systems" under the PAIMI Act have access to peer review documents. *Center for Legal Advocacy v. Hammons,* 323 F.3d 1262, 1270 (10th Cir. 2003). Since the decision by this court giving MOPAS access to peer review documents under the PAIMI Act, the Connecticut district court has also recognized the right of "eligible systems" to access peer review documents under the PAIMI Act and § 1983. *Connecticut Office of Protection and Advocacy'' for Persons with Disabilities v. Kirk,* 354 F.Supp.2d 196 (D.Conn 2005).

Prior to the filing of this complaint, there was sufficient proof that MOPAS had a right to access peer review documents. The two circuit court decisions were made later in time than the New Hampshire Supreme Court decision. In fact, the Tenth Circuit compared the Third Circuit and New Hampshire Supreme Court decisions. The Tenth Circuit followed the Third Circuit's reasoning and dismissed the reasoning in *Disability Rights Center. See generally Center for Legal Advocacy v. Hammons,* 323 F.3d 1262 (10th Cir. 2003).

A reasonable official would understand that MOPAS had the right to access peer review documents. MOPAS, through counsel, provided Defendant, through general counsel, with the citations and information relating to the decision in the Third Circuit. A reasonable official would have recognized that federal courts were addressing the issue.

## CONCLUSION

In light of the foregoing, there is no dispute as to the material facts in this case. Mr. Riley died at Fulton State Hospital. MO P&A requested the Report relating to Mr. Riley's death from Defendants. Defendants failed to provide the Report to MO P&A because they stated the document was a "confidential, internal peer review document." *Exhibit B.* Congress created rights for "eligible systems" under the PAIMI Act. Those rights are enforceable under § 1983. MOPAS, as the "eligible system" for Missouri, can enforce those rights. Defendant Schuffman refused to provide the Report to MOPAS, citing state law. Thus, Defendant Schuffman has violated the rights of MOPAS under color of state law. Because there is no dispute as to the material facts and the law allows MO P&A to access the Report, MO P&A is entitled to summary judgment.

MO P&A requests this court to order the defendants to provide it with the requested Report and attorneys' fees under 42 U.S.C. § 1988.

Respectfully Submitted,

/S/ Erica L. Stephens #51201
Staff Attorney
Missouri Protection & Advocacy Services
925 South Country Club Drive
Jefferson City, MO 65109
573-893-3333
573-893-4231

ATTORNEY FOR COMPLAINANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Complainant's Motion For Summary Judgment* was mailed, postage prepaid, by first class United States mail, to the party of record at the address set out below, on this 19th day of May, 2005:

Bart A. Matanic
Assistant Attorney General
Broadway State Office Building
221 West High Street
P.O. Box 899
Jefferson City, MO 65102

_____
/S/ ERICA L. STEPHENS

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| MISSOURI PROTECTION AND ADVOCACY SERVICES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 04-4064-CV-C-NKL |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Pending before the Court are the parties' cross motions for summary judgment [Docs. 12 and 13]. For the reasons stated below, the Defendants' motion will be denied and the Plaintiff's motion will be granted.

## I.    Background

Plaintiff Missouri Protection and Advocacy Services ("MOPAS") is a nonprofit organization that represents persons with mental disabilities. MOPAS alleges that on June 21, 2001, it received an anonymous phone call reporting the death of Mr. James Riley, who was a resident of Fulton State Hospital, a mental hospital operated by the State of Missouri. According to MOPAS, a Death Summary report produced by the University of Missouri Hospital states that Mr. Riley was found pulseless and asyostolic

1

Exhibit A

at Fulton State Hospital, where he was stabilized before being transferred to the University of Missouri Hospital, where he was pronounced dead.

MOPAS requested the Missouri Department of Mental Health ("DMH") to provide it with certain documents relating to Mr. Riley's death. Although the DMH provided MOPAS with investigative reports, it refused to produce a Mortality and Morbidity Report ("the Report"), stating that the Report "is a confidential, internal peer review document that is not available for distribution outside of the department." (Complaint [Doc. 1], p. 4 ¶ 20.) After the DMH denied MOPAS's numerous written and verbal requests for the Report, MOPAS filed its Complaint in this Court against the DMH and its director, Dorn Schuffman. MOPAS seeks a declaratory judgment that the Defendants' refusal to provide the Report violates the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"), 42 U.S.C. § 10801, et seq., as well as 42 U.S.C. § 1983. MOPAS also seeks an injunction compelling the Defendants to provide the Report to MOPAS.

## II.    Discussion

Under Missouri law, reports prepared by "peer review committees concerning the health care provided any patient are privileged and shall not be subject to discovery, subpoena, or other means of legal compulsion for their release to any person or entity. . . ." Mo. Rev. Stat. § 537.035.4. MOPAS does not dispute that the Report is a peer review report falling within the purview of this statute. What MOPAS does argue is that Missouri's peer review statute is preempted by PAIMI.

2

The PAIMI provides that certain independent organizations such as MOPAS[1] are authorized to "investigate incidents of abuse and neglect of individuals with mental illness" and to take appropriate action to "protect and advocate the rights of such individuals." 42 U.S.C. § 10801(b). The statute was enacted to address the fact that persons with mental disabilities are vulnerable to abuse, injury and neglect. *See* 42 U.S. 10801(a). To that end, PAIMI provides that eligible systems shall have access to records in certain circumstances:

> A system established in a State under section 10803 of this title to protect and advocate the rights of individuals with mental illness shall—
> . . . .
>> (4) in accordance with section 10806 of this title, have access to all records of—
>>> (A) any individual who is a client of the system if such individual, or the legal guardian, conservator, or other legal representative of such individual, has authorized the system to have such access;
>>> (B) any individual (including an individual who has died or whose whereabouts are unknown)—
>>>> (i) who by reason of the mental or physical condition of such individual is unable to authorize the system to have such access;
>>>> (ii) who does not have a legal guardian, conservator, or other legal representative, or for whom the legal guardian is the State; and
>>>> (iii) with respect to whom a complaint has been received by the system or with respect to whom as a result of monitoring or other activities (either of which result from a complaint or other evidence) there is probable cause to believe that such individual has been subject to abuse or neglect.

---

[1]Organizations authorized to make these investigations are referred to the Act as "eligible systems." It is undisputed that MOPAS is an "eligible system" under the Act.

42 U.S.C. § 1085(a). The statute specifically preempts state laws that prohibit eligible

systems such as MOPAS from obtaining access to the records covered by the Act. *See* 42

U.S.C. § 10806 (b)(2)(C) (providing a two-year grace period commencing in 1986 during

which state laws that conflicted with PAIMI would nevertheless be enforceable).

Despite the statute's broad preemptive language, the Defendants argue that

Congress did not intend to preempt state law protecting the confidentiality of peer review

records. In support of their position, the Defendants point to the federal Department of

Human Services' interpretation of the statute. Relying on 1991 congressional committee

reports, *see infra*, the Department of Human Services found that "nothing in this section

is intended to preempt State law protecting records produced by medical care evaluation

or peer review committees." 42 C.F.R. § 51.41(c)(4).

Although the Eighth Circuit has not addressed the issue of whether PAIMI

preempts state law protecting the confidentiality of peer review documents, the two

circuits that have addressed the issue have concluded that PAIMI does preempt such state

laws. *Center For Legal Advocacy v. Hammons*, 323 F.3d 1262, 1272 (10th Cir. 2003);

*Pennsylvania Protection & Advocacy, Inc. v. Houstoun*, 228 F.3d 423 (3rd Cir. 2000).

Each of those circuits found the Department of Human Services' interpretation of the

statute unreasonable given the statute's plain language and legislative history. Each

circuit observed that, when PAIMI was enacted in 1986, the legislative record was devoid

of any mention of access to peer review records. *Center for Legal Advocacy v.

Hammons*, 323 F.3d at 1266; *Pennsylvania Protection & Advocacy, Inc.* v. *Houstoun*, 228

F.3d at 427. The issue was not raised until PAIMI was amended and reauthorized in

1991. In connection with those proceedings, the House committee stated as follows:

> The Committee recognizes that almost all hospitals have established
> medical care evaluation or peer review committees as part of their Jount
> Commissions on Accreditation of Health Care Organizations (JCAHO)
> accreditation requirements. The purpose of these committees is to review
> and evaluate patient care in the facility in order to improve the quality of
> care.
> The Committee has been made aware that 46 states have statutes that
> protect the records produced by such committees from disclosure. It is the
> Committee's intent that the PAIMI Act does not preempt State law
> regarding disclosure of peer review/medical review records relating to the
> proceedings of such committees.

H.R. Rep. No. 102-319, at 54 (1991), *reprinted in* 1991 U.S.C.C.A.N. 777, 782. The

language in the Senate committee report is nearly identical. S. Rep. No. 102-114, at 5

(1991). It was this language upon which the Department of Human Services'

interpretation of the statute was based.

As the Third and Tenth Circuits observed, the problem with that interpretation is

that it is entirely unsupported by the statute's plain language, which broadly provides for

the disclosure of "all records." 42 U.S.C. § 1085(a). In addition, as the Tenth Circuit

observed, Congress could have amended PAIMI in 1991 to ensure the enforceability of

state peer review laws, but did not do so:

> While we acknowledge that language contained in a committee report is an
> expression of legislative intent, it is not, by itself, sufficient to alter our
> reasonable interpretation of the statute, particularly in view of the fact that
> Congress chose not to amend the text of the Act in 1991 to reflect or
> implement in any way the committee report remarks. And, as the committee
> report remarks themselves indicate, Congress can hardly have been unaware
> of the existence of peer review committees and the fact that virtually all
> states had statutes protecting peer review records from disclosure. But,

ORDERED that the Plaintiff's Motion for Summary Judgment [Doc. 13] is

GRANTED. The Court declares that, pursuant to PAIMI, the Plaintiff is entitled to

review the Mortality and Morbidity Report of Mr. James Riley. Plaintiff's use of that

document is limited by the restrictions imposed by PAIMI. The Defendants are ordered

to make that report available to the Plaintiff immediately for those purposes contemplated

by the PAIMI.


s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 1, 2005
Jefferson City, Missouri

BOB HOLDEN
GOVERNOR

DORN SCHUFFMAN
DIRECTOR



LINDA ROEBUCK, ACTING DIRECTOR
DIVISION OF COMPREHENSIVE
PSYCHIATRIC SERVICES
(573) 751-5212
(573) 751-8017 TTY
(573) 751-7815 FAX

ANNE S. DEATON, DIRECTOR
DIVISION OF MENTAL RETARDATION AND
DEVELOPMENTAL DISABILITIES
(573) 751-4054
(573) 751-8217 TTY
(573) 751-9207 FAX

MICHAEL COUTY, DIRECTOR
DIVISION OF ALCOHOL AND
DRUG ABUSE
(573) 751-4942
(573) 751-7093 TTY
(573) 751-7814 FAX

**STATE OF MISSOURI**
**DEPARTMENT OF MENTAL HEALTH**

1706 EAST ELM STREET
P.O. BOX 687
JEFFERSON CITY, MISSOURI 65102
(573) 751-4122
(573) 526-1201 TTY
modmh.state.mo.us

June 4, 2002

RECEIVED

JUN 06 2002

MO PROTECTION AND
ADVOCACY SERVICES

Jackie L. Kovacs
Advocacy Specialist
Missouri Protection & Advocacy Services
925 South Country Club Drive
Jefferson City, MO 65109

Dear Ms. Kovacs:

I am in receipt of your letters requesting information related to Mr. James Riley.

Your request makes reference to a document that is a confidential internal peer review document that is not available for distribution outside of the department.

Please note that your letter also makes reference to Mr. Riley's death as occurring in June 2001. Federal law provides authorization for Missouri Protection & Advocacy to investigate such deaths within 90 days of the date of the death.

If you have any questions, please do not hesitate to contact me at (573) 751-8091.

Yours very truly,

James E. Impey
General Counsel

JEI:jb
cc:    Scott Giovanetti

The Department of Mental Health does not deny employment or services because of race, sex, creed, marital status, religion, national origin, disability or age of applicants or employees.

Exhibit B

T. de Loyola
Executive Director

Cecilia M. Callahan
Director of Advocacy

925 South Country Club Drive
Jefferson City, MO 65109
(573) 893-3333
(800) 392-8667
(573) 893-4231 fax
mopasjc@earthlink.net

TDD users call Relay Missouri at (800) 735-2966

Michael H. Finkelstein
Managing Attorney

Ernest G. Trakas
Deputy Managing Attorney

Steven M. Mitchell
Deputy Managing Attorney

**Board of Directors**

Roland Meinert, Ph.D.
Chairperson
Columbia

Kate Henderson, J.D.
Vice-Chairperson
St. Louis

Irene Karns, J.D.
Secretary/Treasurer
Columbia

Deborah A. Busch-Cejka, J.D.
St. Louis

Juanita Carroll
Marshall

Rep. Chuck H. Graham
Columbia

Maronica Kitchen, MSW
Columbia

**PAIMI Advisory Council**

Irene Karns, J.D.
Chairperson
Columbia

Kay Johnson
Vice-Chairperson
Columbia

Deborah A. Busch-Cejka, J.D.
St. Louis

Melissa Hensley
St. Louis

Cindi Keele
Jefferson City

Roland Meinert, Ph.D.
Columbia

Helen A. Minth
St. Louis

Brenda Lee Phillips
Blue Springs

Funding for Programs Provided by:
*National Institute for Disability Rehabilitation Research*
*Administration on Developmental Disabilities*
*Rehabilitation Services Administration*
*Center for Mental Health Services*
*Social Security Administration*

July 15, 2002

Mr. James E. Impey, General Counsel
Department of Mental Health
P.O. Box 687
Jefferson City, MO 65102

Dear Mr. Impey:

I am writing in regard to your letter dated June 4, 2002, to Jackie Kovacs about information relating to James Riley. In that letter you stated that the requested confidential peer review document could not be released to Protection & Advocacy. However, in *Pennsylvania Protection & Advocacy v. Houstoun,* 228 F.3d 423 (3rd Cir. 2000) the court found that peer review documents fall within the definition of "records" under the PAIMI Act and may be released to Protection & Advocacy.

Second, you stated that under federal law, Protection and Advocacy may investigate deaths only within 90 days of the death. However, no cite was provided. I am requesting that such cite to the federal law be provided. Please respond within three days of receipt of this letter.

Thank you for your assistance.

Respectfully,

Erica Stephens
Staff Attorney

n T. de Loyola
tive Director

Cecilia M. Callahan
Director of Advocacy

925 South Country Club Drive
Jefferson City, MO 65109
(573) 893-3333
(800) 392-8667
(573) 893-4231 fax
mopasjc@earthlink.net

Michael H. Finkelstein
Managing Attorney

Ernest G. Trakas
Deputy Managing Attorney

Steven M. Mitchell
Deputy Managing Attorney

TDD users call Relay Missouri at (800) 735-2966

**Board of Directors**

Roland Meinert, Ph.D.
Chairperson
Columbia

Deborah A. Busch-Cejka, J.D.
Vice-Chairperson & PAIMI Chair
St. Louis

Cynthia Keele
Secretary/Treasurer
Jefferson City

Ethel M. Campbell
Springfield

Juanita Carroll
Marshall

Philip M. Ferguson, Ph.D.
Brentwood

Rep. Chuck Graham
Columbia

Kate Henderson, J.D.
St. Louis

Irene Kerns, J.D.
Columbia

Deborah McAlexander, M.M.
Jefferson City

Elizabeth C. Moore
St. Louis

**PAIMI Advisory Council**

Deborah A. Busch-Cejka, J.D.
Chairperson
St. Louis

Key Callison
Columbia

Melissa Hensley
St. Louis

Roland Meinert, Ph.D.
Columbia

Helen A. Minth
St. Louis

Brenda Lee Phillips
Blue Springs

Funding for Programs Provided by:
National Institute for Disability Rehabilitation Research
Administration on Developmental Disabilities
Health Resources & Services Administration
Rehabilitation Services Administration
Center for Mental Health Services
Social Security Administration

November 21, 2002

Mr. James Impey, General Counsel
Department of Mental Health
P.O. Box 687
Jefferson City, MO 65102-0687

Dear Mr. Impey:

I am writing to you in regard to the James Riley Investigation. James Riley died on June 21, 2001, at Fulton State Hospital. We began investigating the death on June 28, 2001. Jackie Kovacs wrote you a letter in May, 2002, requesting copies of the mortality and morbidity review records concerning the death of James Riley. You responded to Jackie on June 4, 2002, refusing to provide the requested records. Your reason for this refusal was that federal law only authorizes Missouri Protection and Advocacy to investigate a death within 90 days of the death. This issue was resolved through letters dated July 15, 2002, and August 29, 2002, as well as in previous discussions. The only issue in this case is your refusal to provide Missouri Protection & Advocacy with a copy of the Mortality and Morbidity report because it is a peer review document.

I am writing this letter to satisfy the notice of suit requirement as set forth in the Memorandum of Understanding. You have indicated that you will not provide the requested document because it is a peer review document. We believe that this denial is improper as based on the PAIMI Act and the Third Circuit's decision in *Pennsylvania Protection & Advocacy v. Houstoun*. The Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act, 42 U.S.C. §§10805 and 10806, entitle Missouri Protection and Advocacy access to records of persons with mental illness. The definition of "records" under the PAIMI Act "includes reports prepared by any staff of a facility rendering care and treatment or reports prepared by an agency charged with investigation reports of incidents of abuse, neglect and injury occurring at such facility and the steps taken to investigate such incidents, and discharge planning records." 42 U.S.C. §10806(b)(3)(A). The Third Circuit determined in *Pennsylvania Protection & Advocacy v. Houstoun*, 228 F.3d 423 (3rd Cir. 2000), that peer review documents fall within the definition of "records" under the PAIMI Act and may be released to Protection & Advocacy.

We are prepared to file a complaint in the Western District Court, if we do not receive the above report by December 6, 2002. This suit will seek the Mortality and Morbidity report compiled as a result of the death of James Riley. The suit will also seek reasonable attorney's fees and costs. At your discretion, we are willing to meet for a settlement conference prior to the filing of this complaint.

Please let me know if you have any questions.

Respectfully,

Erica L. Stephens
Staff Attorney

# Missouri Protection & Advocacy Services

*A Public Interest Law Firm Since 1977*

. T. de Loyola
Executive Director

Cecilia M. Callahan
Director of Advocacy

925 South Country Club Drive
Jefferson City, MO 65109
(573) 893-3333
(800) 392-8667
(573) 893-4231 fax
mopasjc@socket.net

Michael H. Finkelstein
Managing Attorney

Ernest G. Trakas
Deputy Managing Attorney

Steven M. Mitchell
Deputy Managing Attorney

TDD users call Relay Missouri at (800) 735-2966

Board of Directors

Roland Meinert, Ph.D.
Chairperson
Columbia

Kate Henderson, J.D.
Vice-Chairperson
St. Louis

Irene Karns, J.D.
Secretary/Treasurer
Columbia

Deborah A. Busch-Cejka, J.D.
St. Louis

Juanita Carroll
Marshall

Rep. Chuck H. Graham
Columbia

Aaronica Kitchen, MSW
Columbia

Michelle Steger
St. Louis

PAIMI Advisory Council

Irene Karns, J.D.
Chair
Colu

Kay Callison
Vice-Chairperson
Columbia

Deborah A. Busch-Cejka, J.D.
St. Louis

Melissa Hensley
St. Louis

Cindi Keele
Jefferson City

Roland Meinert, Ph.D.
Columbia

Helen A. Minth
St. Louis

Brenda Lee Phillips
Blue Springs

Funding for Programs Provided by:
National Institute for Disability Rehabilitation Research
Administration on Developmental Disabilities
Rehabilitation Services Administration
Center for Mental Health Services
Social Security Administration

Mr. James Impey, DMH General Counsel
Department of Mental Health
1706 E Elm St.
P.O. Box 687
Jefferson City, MO 65102-0687

Re: James Riley; Mortality & Morbility Review

Dear Mr. Impey;

I am writing to request a copy of the Mortality and Morbility review on Mr. James Riley.

Mr. Riley was a client residing in the Biggs Unit at Fulton State Hospital until the time of his death on June 21, 2001.

Thank you in advance for your time and attention to this matter. If you have any questions or would like to discuss this further please do not hesitate to call. 573-592-2738

Respectfully,

Jackie L. Kovacs
Advocacy Specialist

**Exhibit E**

*Our mission is to protect the rights of individuals with disabilities by providing advocacy and legal services.*

~awn T. de Loyola
.ecutive Director

Cecilia M. Callahan
Director of Advocacy

925 South Country Club Drive
Jefferson City, MO 65109
(573) 893-3333
(800) 392-8667
(573) 893-4231 fax
mopasjc@socket.net

Michael H. Finkelstein
Managing Attorney

Ernest G. Trakas
Deputy Managing Attorney

Steven M. Mitchell
Deputy Managing Attorney

TDD users call Relay Missouri at (800) 735-2966

**Board of Directors**

Roland Meinert, Ph.D.
Chairperson
Columbia

Kate Henderson, J.D.
Vice-Chairperson
St. Louis

Irene Karns, J.D.
Secretary/Treasurer
Columbia

Deborah A. Busch-Cejka, J.D.
St. Louis

Juanita Carroll
Marshall

Rep. Chuck H. Graham
Columbia

Maronica Kitchen, MSW
Columbia

Michelle Steger
St. Louis

**PAIMI Advisory Council**

Irene Karns, J.D.
Chairperson
C    .  ˑa

N.    .son
Vice-Chairperson
Columbia

Deborah A. Busch-Cejka, J.D.
St. Louis

Melissa Hensley
St. Louis

Cindi Keele
Jefferson City

Roland Meinert, Ph.D.
Columbia

Helen A. Minth
St. Louis

Brenda Lee Phillips
Blue Springs

Funding for Programs Provided by:
National Institute for Disability Rehabilitation Research
Administration on Developmental Disabilities
Rehabilitation Services Administration
Center for Mental Health Services
Social Security Administration

May 29, 2002

Mr. James Impey, DMH General Counsel
Department of Mental Health
1706 E Elm St.
P.O. Box 687
Jefferson City, MO 65102-0687

Re: James Riley; Mortality & Morbility Review

Dear Mr. Impey;

I am writing as a follow-up to a previous letter requesting the Mortality & Morbility Review for Mr. James Riley, a resident of Fulton State Hospital until the time of his death in June of 2001.

I recently noticed that I had neglected to put a date on the previous letter sent. I apologize for the mistake. The letter was written on 5-15-02.

I am again requesting a copy of the above review in regard to the demise of Mr. Riley.

If you have any questions or would like to discuss this issue further please do not hesitate to call. 573-592-2738

Respectfully,


Jackie L. Kovacs
Advocacy Specialist

*Our mission is to protect the rights of individuals with disabilities by providing ...*