IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MISSOURI PROTECTION AND )
ADVOCACY SERVICES, )
                                                       )
       Plaintiff, )
                                                       )
  v. ) Case No. 04-4064-CV-C-NKL
                                                       )
MISSOURI DEPARTMENT OF MENTAL )
HEALTH, et al., )
                                                       )
      Defendants. )

**ORDER**

Pending before the Court are the parties' cross motions for summary judgment [Docs. 29 and 30], a Motion to Stay Execution of Judgment [Doc. 20], and a Motion to Set Aside Trial [Doc. 38]. For the reasons stated below, the Defendants' Motion for Summary Judgment will be granted and the Plaintiff's motion will be denied. The Court will grant the Motion to Stay Execution of Judgment as well as the Motion to Set Aside Trial.

**I.    Background**

Plaintiff Missouri Protection and Advocacy Services ("MOPAS") is a nonprofit organization that represents persons with mental disabilities. MOPAS alleges that on June 21, 2001, it received an anonymous phone call reporting the death of Mr. James Riley, who was a resident of Fulton State Hospital, a mental hospital operated by the

1

State of Missouri. According to MOPAS, a Death Summary report produced by the University of Missouri Hospital states that Mr. Riley was found pulseless and asyostolic at Fulton State Hospital, where he was stabilized before being transferred to the University of Missouri Hospital, where he was pronounced dead.

MOPAS requested the Missouri Department of Mental Health ("DMH") to provide it with certain documents relating to Mr. Riley's death. Although the DMH provided MOPAS with investigative reports, it refused to produce a Mortality and Morbidity Report ("the Report"), stating that the Report "is a confidential, internal peer review document that is not available for distribution outside of the department." (Complaint [Doc. 1], p. 4 ¶ 20.)

After the DMH denied MOPAS's numerous written and verbal requests for the Report, MOPAS filed its Complaint in this Court against the DMH and its director, Dorn Schuffman. MOPAS's Complaint made clear that MOPAS was seeking a declaratory judgment that the Defendants' refusal to provide the Report violates the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"), 42 U.S.C. § 10801, *et seq.*, as well as 42 U.S.C. § 1983. MOPAS also sought an injunction compelling the Defendants to provide the Report to MOPAS. MOPAS also sought attorneys' fees under its section 1983 claim.

On February 1, 2005, the Court granted MOPAS's Motion for Summary Judgment, declaring that MOPAS is entitled to review the Mortality and Morbidity Report of Mr. James Riley under PAIMI. The Court ordered the Defendants to make the

report available to MOPAS for the purposes contemplated by PAIMI. However, because the parties' motions for summary judgment had not discussed MOPAS's section 1983 claim, the Court did not address that claim. It is that claim that is the subject of the pending summary judgment motions.

## II. Discussion

### A. Motions for Summary Judgment

The Defendants argue that MOPAS's Motion for Summary Judgment is moot because the Court has already ordered the Defendants to make the Report available to MOPAS. The Court agrees that the Motion is moot to the extent that it seeks injunctive relief. However, as MOPAS points out, MOPAS would be entitled to attorneys' fees if it is successful on its section 1983 claim.

Having decided that MOPAS's Motion for Summary Judgment is not entirely moot, the Court next turns to the question of whether Schuffman is immune from the section 1983 claim. As a state official, Schuffman is protected by qualified immunity "unless [his] conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Anderson v. Larson*, 327 F.3d 762, 769 (8th Cir. 2003) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "For a . . . right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Hill v. McKinley*, 311 F.3d 899, 904 (8th Cir. 2002) (quoting *Hope v. Pelzer*, 536 U.S. 730 (2002)). In other words, "in the light of preexisting law the unlawfulness must be apparent." *Id.* The

3

inquiry of whether an official is entitled to qualified immunity "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

After conducting the inquiry discussed above, the Court concludes that the right Schuffman violated—the right to medical peer review documents—was not clearly established. Schuffman's decision to not produce the Report was based on a Missouri law that, but for federal preemption, would have protected the confidentiality of the Report, which is a peer review document. Although the Tenth and Third Circuits had held that PAIMI preempts state law with respect to the confidentiality of peer review documents, the other circuits had not addressed the issue. In addition, the Supreme Court of New Hampshire and Department of Health and Human Services had decided that PAIMI did not preempt state law.

Given the complex legal framework in which PAIMI and the state statute exist, it is not surprising that reasonable minds have reached disparate interpretations regarding preemption. Therefore, a reasonable official could have concluded—just like the Supreme Court of New Hampshire and the Department of Health and Human Services—that the rights set forth in PAIMI were invalid in the face of state law. Accordingly, Defendant Schuffman enjoys qualified immunity and is entitled to Summary Judgment as to MOPAS's section 1983 claim.

4

### B. Motion to Stay Execution of Judgment

The Defendants, who have appealed the Court's prior Order granting injunctive relief, request the Court to stay execution of that judgment. To be entitled to a stay, a party must show (1) that it is likely to succeed on the merits; (2) that it will suffer irreparable injury unless the stay is granted; (3) that no substantial harm will come to other interested parties; and (4) that the stay will do no harm to the public interest. *James River Flood Control Ass'n v. Watt*, 680 F.2d 543, 544 (8th Cir. 1982) (citing *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 207 n.2 (8th Cir. 1976)). In reaching its decision on a motion to stay, the Court will balance these factors to determine the equitable result. *Id.* at 545.

Consideration of the above factors leads to the conclusion that the balance of equities favor a stay. If the Defendants are required to turn over the Report, confidentiality is lost and the status quo cannot be restored. *See Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (reversing district court's denial of stay and noting that "[o]nce the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. The status quo could never be restored.") In contrast, if the Eighth Circuit upholds the Court's decision, MOPAS will not have suffered any injury from the delay. MOPAS has not argued that its ability to investigate the circumstances surrounding Mr. Riley's death would be diminished by appellate review. Although the Court cannot say that the Defendants are likely to succeed on the merits, reasonable minds have disagreed about whether PAIMI preempts state law.

5

MOPAS argues that immediate disclosure of the Report is necessary to prevent the safety of residents in the Fulton State Hospital. However, since the Court has not had an opportunity to review the Report, the Court cannot determine whether MOPAS is correct. The Court would entertain a motion to perform an *in camera* inspection of the Report under seal to determine whether it contains information that would merit a lifting of the stay that the Court grants today.

**C.    Motion to Set Aside Trial Date**

Because there are no factual issues to be resolved in this case, MOPAS's motion to set aside the trial date will be granted.

**D.    Conclusion**

Accordingly, it is

ORDERED that Plaintiff's Motion for Summary Judgment [Doc. 29] is DENIED. It is further

ORDERED that Defendants' Motion for Summary Judgment [Doc. 30] is GRANTED. It is further

ORDERED that Defendants' Motion to Stay Execution of Judgment [Doc. 20] is GRANTED. It is further

ORDERED that Plaintiff's Motion to Set Aside Trial [Doc. 38] is GRANTED.

s/ NANETTE K. LAUGHREY<br>NANETTE K. LAUGHREY<br>United States District Judge

Dated: July 19, 2005
Jefferson City, Missouri